# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY EUGENE MYERS,

    **Plaintiff,**

    v.                                  CASE NO. 19-3008-SAC

LEAVENWORTH DETENTION
CENTER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Anthony Eugene Myers is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff, who is currently confined in the Leavenworth Detention Center in Leavenworth, Kansas ("CCA" or "CoreCivic"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Missouri. Because Plaintiff's Second Amended Complaint (Doc. 10) named CCA and the CoreCivic warden as defendants, the case was transferred to this Court pursuant to 28 U.S.C. § 1404(a). Plaintiff was granted provisional *in forma pauperis* status and directed to submit an initial partial filing fee. Plaintiff has filed a motion to waive the initial partial filing fee (Doc. 14). The Court will grant the motion, waive the initial partial filing fee, and grant Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Second Amended Complaint that defendants delayed an x-ray of his injured wrist. Plaintiff alleges that since his arrival at CCA he complained about wrist pain

1

but was denied medical treatment for seven months. Plaintiff alleges that defendants told him it was swollen and sprained from his handcuffs, but they did not do an x-ray or give him an ace bandage. Plaintiff alleges that they finally x-rayed his wrist after his third request and they treated his torn quad in his leg before they worked on his wrist. Plaintiff states that he thinks the police or a detective had this overlooked so they would not look like they were at fault for breaking Plaintiff's wrist. Plaintiff names as defendants: the Leavenworth Detention Center Medical Department; Core Civic of America; and (fnu) Thomas, CCA Warden. Plaintiff seeks $600,000 in compensatory damages and $11,000,000 in punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not

raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Plaintiff's Claim Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (citations omitted).

Defendant CoreCivic is a private corporation. "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*, . . . that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The requirement is satisfied if two conditions are met. First, the deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005), *cert. denied* 547 U.S. 1111 (2006) (citing *Lugar*, 457 U.S. at 937). Second, the private party must have "acted together with or [ ] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id.* at 1208.

Plaintiff alleges no facts to support an inference that any defendant was acting under state law or in conspiracy with any state official. Plaintiff also makes no allegation that Defendants obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the State. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law). Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law. Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

## B. *Bivens* Claim Against CoreCivic

Plaintiff does not have an established cause of action against CoreCivic under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). The Supreme Court has held that a *Bivens* action does not lie against a private corporation that manages a private prison. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons). An action against individual officers or employees of CoreCivic would likewise be unavailable. The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); In *Minneci*, the Supreme Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls

5

> within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci*, 565 U.S. at 131.

The Supreme Court reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants were "personnel employed by the government [or] personnel employed by a private firm." *Id*. at 126. Defendant CoreCivic is a private corporation contracting with the United States Marshals Service, a federal law enforcement agency. The Supreme Court also rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *Id*. at 126–27.

The Supreme Court held in *Minneci* that the "ability of a prisoner to bring state tort law damages action[s] against private individual defendants means that the prisoner does not 'lack effective remedies.'" *Id*. at 125 (citing *Malesko*, 534 U.S. at 72). They reasoned that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id*. (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). They explained that, "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent" and even if "state tort law may sometimes prove less generous than would a *Bivens* action," this fact is not a "sufficient basis to determine state law inadequate." *Id*. at 129 (finding that "federal law as well as state law contains limitations").

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located." *Id*. at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential

6

defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id*. at 130. In fact, Kansas is another state whose tort law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963–64). *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at n.12 (D. Kan. 2014) (citing *Estate of Belden v. Brown Cty.*, 261 P.3d 943 (Kan. App. 2011) (setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)). The Tenth Circuit found that where plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability)); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a

remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris*, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)). Because Plaintiff has an alternative cause of action pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court against CoreCivic or its employees.

Plaintiff will be given time to show cause why this action should not be dismissed for failure to present a cause of action against Defendants under either § 1983 or § 1331 and *Bivens*.

### C. Personal Participation

Even if Plaintiff were not precluded from proceeding against these defendants in federal court, there are other problems with his Second Amended Complaint. For instance, Plaintiff has failed to allege how any of the defendants personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption

of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Second Amended Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3008-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant

complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Second Amended Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **June 14, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Second Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **June 14, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive the initial partial filing fee (Doc. 14) is **granted**. Plaintiff remains obligated to pay the filing fee in installments.

The clerk is directed to send § 1331 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 22nd day of May, 2019.**

                                              **s/ Sam A. Crow**
                                              **Sam A. Crow**
                                              **U.S. Senior District Judge**

---

including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.