**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANTHONY EUGENE MYERS,

     **Plaintiff,**

     v.                                                    **CASE NO.  19-3008-SAC**

LEAVENWORTH DETENTION
CENTER, et al.,

     **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff, who is currently confined in the Leavenworth Detention Center in Leavenworth,

Kansas ("CCA" or "CoreCivic"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983

in the United States District Court for the Western District of Missouri.  Because Plaintiff's

Second Amended Complaint (Doc. 10) named CCA and the CoreCivic warden as defendants, the

case was transferred to this Court pursuant to 28 U.S.C. § 1404(a).  Plaintiff was granted leave to

proceed *in forma pauperis*.    Plaintiff alleges in his Second Amended Complaint that defendants

delayed an x-ray of his injured wrist.  Plaintiff alleges that since his arrival at CCA he

complained about wrist pain but was denied medical treatment for seven months.  Plaintiff

alleges that defendants told him it was swollen and sprained from his handcuffs, but they did not

do an x-ray or give him an ace bandage.  Plaintiff alleges that they finally x-rayed his wrist after

his third request and they treated his torn quad in his leg before they worked on his wrist.

Plaintiff states that he thinks the police or a detective had this overlooked so they would not look

like they were at fault for breaking Plaintiff's wrist.  Plaintiff names as defendants:   the

Leavenworth Detention Center Medical Department; Core Civic of America; and (fnu) Thomas,

CCA Warden.  Plaintiff seeks $600,000 in compensatory damages and $11,000,000 in punitive

damages.

On May 22, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 17) ("MOSC") granting Plaintiff until June 14, 2019, in which to show cause why his Second Amended Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also given the opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff failed to respond by the deadline.

The Court found in the MOSC that Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983 where Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law; and Plaintiff does not have an established cause of action against CoreCivic under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). "[T]he presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)).

The Tenth Circuit has found that where plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (stating that plaintiff has remedies for

injuctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability)); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris*, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)). Because Plaintiff has an alternative cause of action pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court against CoreCivic or its employees.

The Court also found in the MOSC that even if Plaintiff were not precluded from proceeding against these defendants in federal court, there are other problems with his Second Amended Complaint. For instance, Plaintiff has failed to allege how any of the defendants personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body

of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Plaintiff has failed to show good cause why his Second Amended Complaint should not be dismissed due to the deficiencies set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 18th day of June, 2019.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**